UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SCOTT FRANTZ, | § |
| Plaintiff, | § |
| | § No. |
| vs. | § |
| GC SERVICES LIMITED PARTNERSHIP, | § **JURY DEMAND ENDORSED HEREON** |
| Defendant. | § |

## COMPLAINT

NOW COMES the Plaintiff, SCOTT FRANTZ, by and through his attorneys, KIMMEL & SILVERMAN, P.C., and for his Complaint against the Defendant, GC SERVICES LIMITED PARTNERSHIP, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), and the Texas Debt Collection Act, Tex. Fin. Code §392 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Supplemental jurisdiction to all state law claims is proper pursuant to 28 U.S.C. §1367 *et seq*.

4. Venue in this District is proper pursuant to 28 U.S.C. §1391(b)(1) and (2), as Defendant conducts business and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff is a natural person who resides in Fort Myers, Florida.

6. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

7. On information and belief, Defendant is a limited partnership of the State of Delaware, which is licensed to do business in Ohio and which has its principal place of business located at 6330 Gulfton Drive, Houston, Texas 77081.

8. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was seeking to collect a consumer debt alleged to be owed by Plaintiff.

11. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

12. Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about July or August of 2012 in attempts to collect the aforementioned alleged debt.

13. During a telephone communication with Plaintiff on or about August 20, 2012, Defendant's agent, representative and/or employee, who represented herself as "Margaret" (last name unknown), falsely identified Defendant as a "financial institution."

14. Further, Defendant's agents, representatives and/or employees failed to disclose that they and Defendant were debt collectors and/or that they and Defendant were attempting to collect a debt during each and every communication with Plaintiff, including but not limited to communications with Plaintiff that occurred on or about August 20, 2012 and August 22, 2012.

**COUNT I**
**DEFENDANT VIOLATED § 1692e OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

15. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

16. Defendant violated § 1692e of the FDCPA, when it falsely referred to itself as a financial institution and it failed to advise Plaintiff it was a debt collector and/or that it was attempting to collect a debt.

3

## COUNT II
## DEFENDANT VIOLATED § 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

17. Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

18. Defendant violated § 1692e(10) of the FDCPA, when it falsely referred to itself as a financial institution and it failed to advise Plaintiff it was a debt collector and/or that it was attempting to collect a debt.

## COUNT III
## DEFENDANT VIOLATED § 1692e(11) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

19. Section 1692(e)(11) of the FDCPA requires a debt collector to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and in subsequent communications that the communication is from a debt collector.

20. Defendant violated § 1692e(11) of the FDCPA when its agents, representatives and/or employees failed to disclose that they and Defendant were debt collectors and/or that they and Defendant were attempting to collect a debt during each and every communication with Plaintiff, including but not limited to communications with Plaintiff that occurred on or about August 20, 2012 and August 22, 2012.

## COUNT IV
## DEFENDANT VIOLATED § 392.304(5) OF THE
## TEXAS FAIR DEBT COLLECTION PRACTICES ACT

21. Section 392.304(5) of the Texas FDCPA requires debt collectors in the case of a third-party debt collector, failing to disclose, except in a formal pleading made in connection with a legal action: (A) that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose, if the communication is the initial written or oral communication between the third-party debt collector and the debtor; or (B) that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and the debtor.

22. Defendant violated § 392.304(5) of the Texas FDCPA when its agents, representatives and/or employees failed to disclose that they and Defendant were debt collectors and/or that they and Defendant were attempting to collect a debt during each and every communication with Plaintiff, including but not limited to communications with Plaintiff that occurred on or about August 20, 2012 and August 22, 2012.

## COUNT V
## DEFENDANT VIOLATED § 392.304(19) OF THE
## TEXAS FAIR DEBT COLLECTION PRACTICES ACT

23. Section 392.304(19) of the Texas FDCPA prohibits debt collectors from using any other false representation or deceptive means to collect a debt.

24. Defendant violated § 392.304(19) of the Texas FDCPA when it falsely referred to itself as a financial institution and it failed to advise Plaintiff it was a debt collector and/or that it was attempting to collect a debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SCOTT FRANTZ, respectfully prays for a judgment as follows:

   a. All actual damages suffered due to Defendant's negligence and invasion of privacy, as well as pursuant to 15 U.S.C. § 1692k(a)(1);

   b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A) and statutory damages of $100.00 for the violation of the Tex. Fin. Code Ann. § 392 et. seq. pursuant to Tex. Fin. Code Ann. § 392.403(e);

   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code Ann. § 392.403(b);

   d. Punitive damages for Defendant's intrusion upon seclusion and negligence; and

   e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SCOTT FRANTZ, demands a jury trial in this case.

DATED:  02/22/13

                                  By:  /s/ Amy L. Bennecoff
                                       Amy L. Bennecoff
                                       Attorney-in-Charge for Plaintiff
                                       Pennsylvania Bar No. 202745
                                       Federal Bar No. 1477508
                                       Kimmel & Silverman, P.C.
                                       30 East Butler Pike
                                       Ambler, Pennsylvania 19002
                                       Phone: (215) 540-8888
                                       Facsimile (877) 788-2864
                                       Email: abennecoff@creditlaw.com